## ATLANTIC AND BIRMINGHAM RAILWAY COMPANY
### *v.* JOHNSON.

1. The charge, so far as it related to the question of the liability of the defendant, was not as elaborate as it might have been. Some portions of it were lacking in perspicuity. When the extracts upon which error is assigned are considered in connection with the entire instructions upon the subject, any apparent inaccuracies were not of such character as to mislead the jury as to the law of the case or the defenses of the defendant. There was a distinct instruction that if the plaintiff, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence, there could be no recovery; and that if the plaintiff was not injured at all, no recovery could be had.

2. The evidence authorized the verdict, and the discretion of the trial judge, exercised in refusing a new trial, will not be controlled.

Submitted March 3,—Decided May 16, 1906.

Action for damages. Before Judge Carter. ᵥ City court of Baxley. August 1, 1905.

Mrs. Mary E. Johnson brought suit against the Atlantic and Birmingham Railway Company for personal injuries inflicted by the sudden starting of the train upon which she was a passenger, after she had gone out upon the platform to alight at her destination. A verdict for $425 was rendered by the jury, and the defendant moved for a new trial. The motion was based on the general grounds, and on two exceptions to the charge. A new trial was refused, and the defendant excepted.

*Rosser & Brandon, J. L. Sweat,* and *N. J. Holton,* for plaintiff in error. *Thomas & Parker* and *W. W. Bennett,* contra.

COBB, P. J. (After stating the foregoing facts.) The court charged as follows: "The plaintiff is required to satisfy you that she was injured and damaged by the defendant; and when she does this, then the presumption of negligence arises against the defendant, and it is incumbent upon it to show that it was not to blame. If the defendant fails to do this, it having been made to appear that an injury was inflicted by it, its agents or employees, she should recover such damages as in your judgment would be reasonable and just. This is left to your enlightened consciences." This charge is excepted to for the reason that it precludes the defendant from rebutting the presumption of negligence against it except by showing that it was not to blame, when such presumption may be rebutted by showing that the plaintiff was not injured, or that if injured the injury was due to her own negligence, or that by the exercise of ordinary care she could have avoided the injury. The above excerpt from the charge, standing alone, might be subject to criticism; but the charge as a whole opens up to the defendant all the lines of defense from which it is apparently precluded by considering the above portion of the charge alone. It is also contended that the above charge left the determination of the issues between the parties to the enlightened consciences of the jurors, instead of the evidence. We do not think this a just criticism. The amount of damages, if the plaintiff was found to be entitled to damages, was left to the enlightened consciences of the jurors. The damages

claimed consisted only of pain and suffering. The charge was therefore in this respect correct.

2. Error is assigned upon the following charge: "You understand the allegations, gentlemen, and if you find that the defendant company is liable in damages, you considering and finding that there has been such in this case that the plaintiff has suffered great pain and anguish, as alleged in the pleadings and the contentions of the plaintiff, then she would be entitled to recover such an amount which is left to the enlightened consciences of the jury as to the amount." This is excepted to upon the ground that it left to the consciences of the jurors the right to find a verdict for the plaintiff if the plaintiff had suffered great pain and anguish. The portion of the charge quoted is not clear. Very probably its lucidity and grammar have suffered in the transcribing and copying incident to making up the record. But we think the intention of the court, and the meaning conveyed to the jury, was that the amount of damages, if damages were recoverable, was left to the enlightened consciences of the jurors. There was evidence warranting the verdict, and we shall not control the discretion of the trial judge in refusing a new trial.

*Judgment affirmed. All the Justices concur.*